UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                 Case No. 25-CR-150

LARRY CANFIELD,

          Defendant.

# ORDER

Larry Canfield is charged with possession of a firearm after having been convicted of a felony. (ECF No. 1.) On November 10, 2025, Canfield moved to suppress the firearm recovered from his vehicle and requested an evidentiary hearing. (ECF No. 18.) The government filed a response opposing Canfield's motion and provided a set of facts that it said were undisputed. (ECF No. 21 at 2.) On November 18, 2025, the court denied Canfield's request for an evidentiary hearing, finding that Canfield failed to establish any dispute of material fact. (ECF No. 22.)

Canfield now asks the court to reconsider its order denying his request for an evidentiary hearing because the government "failed to accurately convey the parties agreed and disputed facts." (ECF No. 24 at 3.) Canfield identifies eight disputed facts (*Id.*

at 4–10) and argues an evidentiary hearing is necessary to determine: "(1) whether officers had lawful authority to arrest Canfield; (2) whether they had any lawful basis to seize and tow his car; (3) whether they conducted a warrantless search of the car before obtaining a warrant, and whether the information supporting the search warrant was accurate, untainted, and sufficient to establish probable cause; and (4) how officers located Canfield in Greenfield and what, if any, surveillance or technology was used." (*Id.* at 11.)

In response, the government argues that an evidentiary hearing is unnecessary because arresting officers told Canfield he was being arrested based on a warrant and, even without a warrant, officers could have arrested Canfield for having improper registration plates. (ECF No. 28 at 12; *see also* Wis. Stat. §§ 341.61(2), 345.22.) The government also asserts that officers had the authority to tow Canfield's car under their standard operating procedures and searched his vehicle pursuant to a valid search warrant. (ECF No. 28 at 13–14.)

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014); *see also United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (observing that motions to reconsider in criminal prosecutions are to be "treated just like motions in civil suits"). The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

Canfield's motion relies heavily on his contention that a "wanted person" entry cannot provide probable cause for an arrest. (*See* ECF No. 24 at 4–6.) The court's order committed no manifest error of law on this front because the "wanted person" entry, otherwise known as a "temporary arrest warrant" or a "temporary want," can provide probable cause for an arrest. *See State v. Burrows*, No. 2018AP770-CR, 2018 WL 6788157, at *5, 2018 Wisc. App. LEXIS 948, at *13 (Wis. Ct. App. Dec. 26, 2018) (observing that "a temporary arrest warrant is merely a tool used by officers to help apprehend a suspect that an officer has probable cause to believe committed a crime"); *see also Woods v. City of Milwaukee*, No. 20-CV-940-SCD, 2022 WL 684945, at *4, 2022 U.S. Dist. LEXIS 40375, at *13–15 (E.D. Wis. Mar. 8, 2022) (finding officers had probable cause to believe the defendant was wanted for burglary and arrest him based on a "suspect alert").

That being said, Canfield contends that officers did not have probable cause to arrest him because there is no evidence that the officers knew about the "wanted person" entry or the underlying investigation prior to his arrest. (ECF No. 24 at 6–7.) Canfield's challenge to the officer's knowledge represents a departure from the "undisputed" facts the court relied on initially to resolve the request for an evidentiary hearing. (*See* ECF

3
Case 2:25-cr-00150-BHL-WED    Filed 12/10/25    Page 3 of 7    Document 29

No. 22 at 2.) Canfield's position cannot be entirely accurate because body camera evidence reflects that the arresting officer told him there was a warrant for his arrest based on possession of a firearm as a felon and "pointing and aiming" at his "baby momma." (ECF No. 18-1 at 1:02–1:03.) Even so, Canfield's challenge as to the officers' knowledge merits further inquiry. The "wanted person" entry did not identify at whom Canfield allegedly pointed a firearm. (*See* ECF No. 18-2.) Therefore, the officers must have relied on information beyond the "wanted person" entry, if they were familiar with it at all.

Under the Fourth Amendment, an arrest is lawful when "the facts known to the arresting officers give probable cause to arrest." *Devenpeck v. Alford*, 543 U.S. 146, 154–55 (2004). "[T]he probable cause analysis is an *ex ante* test: the fact that the officer later discovers additional evidence unknown to [him] at the time of the arrest is irrelevant as to whether probable cause existed at the crucial time." *Mwangangi v. Nielsen*, 48 F.4th 816, 828 (7th Cir. 2022) (citing *Padula v. Leimbach*, 656 F.3d 595, 601 (7th Cir. 2011) (cleaned up)). Based on the current record, it is unclear what officers knew when they arrested Canfield. Because the source and extent of the officers' knowledge is unclear, an evidentiary hearing is necessary to determine what information they relied on to arrest Canfield and whether that information established probable cause for his arrest.

The government alternatively argues that Canfield's improper vehicle registration also provided a basis for his arrest. (ECF No. 28 at 13.) But nothing in the parties' briefs or the body camera videos suggests that the officers knew about the registration issue at

the time they arrested Canfield. (*See id.* (government's acknowledgment that officers did not articulate the registration issue as a basis for Canfield's arrest).) Therefore, it arguably cannot support the probable cause analysis, depending upon the officers' knowledge at the time of Canfield's arrest. *See Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (explaining that "[p]olice officers have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense") (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)).

Beyond the source and extent of the arresting officers' knowledge, Canfield's motion for reconsideration (ECF No. 26) does not identify any additional factual errors that would warrant overturning the court's denial of an evidentiary hearing. Canfield reiterates that officers did not have a basis for towing his car and searching it. (ECF No. 24 at 9.) But he has not identified any additional disputes of material fact on this point. The government does not dispute that the arresting officers made contrary statements about why they were going to tow his car and that they failed to follow standard operating procedures for towing prisoner property and/or evidence. (*See* ECF No. 28 at 13–14.) Canfield also argues that the officers did not have probable cause to seize his car because they did not have knowledge of the February 14, 2025, investigation prior to towing it.

(ECF No. 24 at 8–9.) But the court has already determined that it will hold an evidentiary hearing to address the officers' knowledge.

Canfield also contends that officers searched his vehicle before obtaining a search warrant but points only to an officer's statement to "open the glovebox" (ECF No. 18-6 at 00:53–00:54) during the search of his vehicle pursuant to a judicial warrant. (ECF No. 24 at 9.) In other words, Canfield suggests that the directive to open the glovebox is evidence that the officers had already previously opened the glovebox and knew that there was a gun in it. But given that firearms are commonly stored in a vehicle's glovebox, this off-hand remark is an insufficient basis to reasonably suspect that the officers had previously conducted a warrantless search of the glovebox. The court will not hold an evidentiary hearing to entertain pure speculation. With respect to the search and seizure of his vehicle, Canfield has not met his "burden of both identifying a definite disputed factual issue, and demonstrating its materiality." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011).

In his motion for reconsideration, Canfield alleges for the first time that officers may have used undisclosed surveillance technology to locate him prior to his arrest at the hotel. (ECF No. 24 at 10.) Canfield's initial filing in support of his motion to suppress and request for an evidentiary hearing stated that officers "learned he was staying at the hotel with his girlfriend" and identified his car in the parking lot. (ECF No. 18 at 1–2.) Canfield does not identify any manifest error of law or fact or point to newly discovered evidence.

Because the surveillance allegation is belatedly presented, it does not warrant overturning the court's denial of an evidentiary hearing.

In sum, the court will hold an evidentiary hearing addressing the officers' knowledge at the time they arrested Canfield. Canfield has not otherwise established that an evidentiary hearing is necessary.

**IT IS THEREFORE ORDERED** that Canfield's motion to stay the briefing on his motion to suppress and for reconsideration of the court's order denying his request for an evidentiary hearing (ECF No. 24) is **GRANTED**. The court's order denying Canfield's request (ECF No. 22) is **VACATED**. The court hereby **GRANTS** Canfield's request for an evidentiary hearing (ECF No. 18) within the limited scope identified herein. Further briefing on Canfield's motion to suppress (ECF No. 18) is **STAYED** pending the evidentiary hearing. The Clerk of Court shall schedule the hearing at the parties' earliest convenience.

Dated at Milwaukee, Wisconsin this 10th day of December, 2025.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge